IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 19-143 |
| | ) |
| TAMMY MOON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**I.    Introduction**

Pending before the court is a motion for early termination of supervised release and return of property filed by defendant Tammy Moon ("Moon") (ECF No. 77). Moon argues that her term of supervised release should be terminated because she completed home detention, and mental health treatment programs, began a career in the medical device manufacturing industry and resumed her role as a family caregiver. The government filed a response in opposition (ECF No. 79), contending that early termination of Moon's term of supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a). Moon's motion for early termination of supervised release is fully briefed and ripe to be decided by the court.

For the reasons set forth in this opinion, Moon's motion for early termination of supervised release will be denied. Moon's motion for return of property seized pursuant to a search warrant will be denied without prejudice, based upon the government's representation that the property remains evidence in an ongoing criminal investigation.

## II.     Procedural History

In May 2019, Moon was indicted and charged with: at Count 1, importation into the United States of a quantity of Methyl2-(1-(4-fluorobenzyl)-1 H-indazole-3-carboxamido)-3-methylbutanoate (FUB-AMB), a schedule I controlled substance, on March 19, 2018, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3); and at Count 2, unlawful importation of goods into the United States, that is, Methyl2-(1-(4-fluorobenzyl)-1 H-indazole-3-carboxamido)-3-methylbutanoate (FUB-AMB), a schedule I controlled substance, on March 19, 2018, in violation of 18 U.S.C. § 545.

Moon pleaded not guilty and was placed on an unsecured bond. In May 2019, Moon filed a motion to have weekly visits with her "spouse"[1] Douglas Williams ("Williams") at the Northeast Ohio Correctional Center ("NEOCC"), where he was detained. The government opposed the motion based on information that Williams discussed criminal conduct with Moon (ECF No. 23). The court denied the motion to travel (ECF No. 24).

On July 8, 2019, while Moon was on bond, NEOCC officials seized a package sent by Moon to Williams that contained numerous photographs of Moon and a two-page handwritten letter, which had a suspicious odor. When corrections officers searched Williams' jail cell, they found and seized an additional package containing pictures of Moon and a second handwritten letter on the same type of paper. The paper tested positive for 5F-MDMB-PICA, a schedule I controlled substance that has been encountered in synthetic cannabinoid products. Presentence Investigation Report ('PSI') (ECF No. 59). After a hearing, the court revoked Moon's bond (ECF No. 37).

---

[1] In the Presentence Investigation Report, Moon reported that they were not married, but had been a 5-year committed relationship. (ECF No. 59 ¶ 41).

In her plea agreement, Moon stipulated that she committed the crime of providing contraband in prison, in violation of 18 U.S.C. § 1791, as charged in the amended petition to revoke her bond.  Moon's offense level for the advisory guideline calculation at sentencing was determined using that conduct. U.S.S.G. §1B1.2(c).  On June 17, 2020, that court sentenced Moon to a term of imprisonment of "time served," followed by a term of supervised release of 3 years, with the first 3 months to be on home detention.  The sentence reflected a downward variance in the term of imprisonment.

Notably, in imposing sentence, the court emphasized the supervised release condition that Moon not have contact with convicted felons, including Williams. (Transcript at 17-20, ECF No. 76); (Transcript at 28: "this was somebody who brought her into criminal conduct and continued to utilize her services. . . in a criminal manner, which has resulted in a detriment to her").  Moon objected to this condition and stated she would file a post-sentencing motion asserting a right to marry Williams.  The court explained that motion was not before the court and Moon had not attempted to obtain permission from the probation office to communicate with Williams.  Moon did not file any post-sentencing motion with the court.

Despite the court's explicit direction, Moon blatantly violated the condition prohibiting contact with Williams.  Moon communicated with Williams 760 times between December 2020 and April 2021, as reflected in the records of Butler County Jail, including a video visitation in which Moon exposed herself (ECF No. 74).  Moon did not seek permission from the probation office to engage in these communications.

Moon has completed just over one year of her term of supervised release. To the court's knowledge, she had been compliant for approximately three months when she filed the pending motion to terminate her supervision.

### III. Discussion

#### A. Applicable Law

"Defendant bears the burden of establishing that [her] conduct and the interests of justice justify an early termination of supervised release." United States v. Williams, No. CRIM.A. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006). A district court has discretion to grant the early termination of a defendant's term of supervised release[2] under 18 U.S.C. § 3583(e). United States v. Melvin, 978 F.3d 49, 52 (3d Cir. Oct. 16, 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

− the nature and circumstances of the offense and the history and

---

[2] Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

4

- characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 52. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id.

The Third Circuit Court of Appeals clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen

5

circumstances *must* be shown." Id. (emphasis added).³ In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1) to determine whether early termination of Moon's term of supervised release is warranted by her conduct and in the interest of justice.

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Moon is a divorced mother of two sons, now 17 and 24 years old. Moon is employed full-time as an assembler at Phillips Respironics, meets with a mental health therapist, and cares for her sick and aging parents. The court commends Moon's efforts to rebuild her life. Prior to her involvement with Williams, she had no criminal history and very minimal history of drug use. She has passed all her drug tests while on supervision.

Moon committed three serious crimes involving synthetic drugs. Most troubling, she conspired with Williams to introduce drugs into the prison setting. She committed

---

³   The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 2020 WL 6108619 at *3.

the offense of sending contraband to Williams in prison while she was on pretrial supervision. The offense resulted in revocation of Moon's bond and a term of imprisonment. This experience obviously failed to deter Moon from violating her conditions of release, as evidenced by her 760 violations of the condition prohibiting communications with convicted felons (specifically including Williams). In the pending motion, Moon does not acknowledge the adverse consequences resulting from her conspiracy with Williams or apologize for her past violations of supervision. Moon does not represent that she will avoid future contacts with Williams. To the contrary, Moon states that she plans to marry him as soon as logistically possible (ECF No. 77 at 6).

Based upon the information presented to this court, Moon led a law-abiding life – apart from her interactions with Williams. Williams convinced Moon – while she was on bond -- to send drugs to him while he was in prison. The serious nature of Moon's criminal conspiracy with Williams weighs strongly against the early termination of her supervised release.

> ***2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)***

As noted above, the revocation of Moon's bond and the resulting period of incarceration did not deter her from committing 760 violations of the terms of her supervised release. Moon is fortunate that the probation office did not seek to revoke her supervision. The court imposed a 3-year term of supervision to deter criminal conduct and protect the public from further crimes by her. Under these circumstances, early termination of Moon's supervision is not warranted.

### 3. The sentencing range established by the Sentencing Commission, § 3553(a)(4)

The original advisory guideline range for imprisonment would have been 10-16 months. Moon received the benefit of a downward variance in her term of imprisonment. The mandatory minimum term of supervised release at count 1 is 3 years; and the statute provides for a term of supervised release up to life. There is no evidence that this factor warrants early termination of supervised release.

### 4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).

The parties did not discuss any pertinent policy statements.

### 5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).

There is no evidence that Moon's term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, particularly in light of the statutory mandatory minimum of 3 years of supervised release.

### 6. The need to provide restitution to any victims of the offense, § 3553(a)(7).

This factor is not applicable.

## C. Whether early termination is warranted and in the interest of justice

In support of her motion, Moon asserts that she complied by the conditions of supervised release, noting that her compliance with the condition prohibiting contacts with Williams began after she was warned by the probation office (ECF No. 77 at 2 and

n.1).  The court does not agree with Moon's contention -- the record reflects that she violated the conditions of her supervision 760 times.  The court accepts that Moon has been in full compliance with the conditions of her supervised release for approximately 4 months, since April 2021. Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release. United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

      The court recognizes that Moon experiences hardship due to the terms of her supervision.  The prohibition on communications with convicted felons, including Williams, is entirely justified in her case because Moon committed a felony, while under supervision, by mailing drugs to Williams inside a prison.  If there is a particular adverse impact, Moon should explore with her probation officer whether the conditions can be modified to address that concern.

      In light of the foregoing § 3553(a) analysis, especially the serious nature of Moon's conspiracy with Williams, her previous violations, the need to deter criminal conduct, and the mandatory minimum term of supervised release being 3 years, the

interests of justice are best served by requiring her to complete her term of supervised release.

### IV.     Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 77).

An appropriate order follows.


Dated: August 24, 2021                                BY THE COURT:

                                                      /s/ JOY FLOWERS CONTI
                                                      Joy Flowers Conti
                                                      Senior United States District Judge